**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| NATIONAL PARKS CONSERVATION ASSOCIATION, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>TODD T. SEMONITE,<br>and ROBERT M. SPEER, )<br>)<br>Defendants, )<br>)<br>and )<br>)<br>VIRGINIA ELECTRIC AND<br>POWER COMPANY, )<br>)<br>Defendant-Intervenor. ) | Civil Action No. 1:17-cv-01361-RCL |

**VIRGINIA ELECTRIC AND POWER COMPANY'S MOTION TO STRIKE**
**UNAUTHORIZED DECLARATIONS FILED WITH PLAINTIFF'S REPLY**

Virginia Electric and Power Company, dba Dominion Energy Virginia ("Dominion Energy"), by counsel, moves the Court to strike the three declarations attached to Plaintiff's Reply Memorandum in Support of Plaintiff's Motion for a Preliminary Injunction as ECF Nos. 34-1, 34-2, and 34-3, as well as the argument based on these improper declarations. Plaintiff's filing violates the express requirement in LCvR 65.1(c) that supplemental affidavits to support a preliminary injunction application "may be filed only with permission of the Court." Plaintiff did not seek permission to file these three additional declarations. Under the local rule, these declarations should have been filed with Plaintiff's initial preliminary injunction application. Instead, Plaintiff waited to file these additional declarations on reply, without permission from the Court to do so. In addition, these unauthorized supplemental declarations raise new

arguments not presented in Plaintiff's preliminary injunction application and seek to introduce information outside the administrative record for the Corps' permitting action for the purpose of challenging that action on the merits.  These unauthorized declarations are therefore improper and should be stricken, and no weight should be given to any arguments relying on them.  In the alternative, if the Court decides not to strike these declarations, Dominion Energy requests leave pursuant to LCvR 65.1(c) to file its own supplemental declarations to point out the errors and flaws in Plaintiff's unauthorized supplemental declarations.

In further support of this motion, Dominion Energy relies on the statement of points and authorities below.

## STATEMENT OF POINTS AND AUTHORITIES

1. Pursuant to Local Rule of Civil Procedure ("Local Rule") 65.1(c), Plaintiff filed its application for preliminary injunction on July 24, 2017.  ECF No. 5.  Dominion Energy filed an opposition on August 18, 2017, consistent with the joint stipulation agreed on by parties and entered by the Court.  ECF No. 22; *see* ECF No. 11.  Also pursuant to the joint stipulation, Plaintiff filed its reply brief on September 1, 2017.  ECF No. 34 ("Reply").  Plaintiff filed three additional declarations with its Reply, ECF Nos. 34-1, 34-2, and 34-3, without having first obtained permission from the Court to do so.

### Plaintiff Was Required to File All Supporting Declarations with Its Original Preliminary Injunction Application and Did Not Receive Permission From the Court to File Supplemental Declarations with Its Reply

2. Local Rule 65.1(c) is clear: "The application [for a preliminary injunction] shall be supported by *all affidavits* on which the plaintiff intends to rely. . . . Supplemental affidavits either to the application or the opposition may be filed only with permission of the Court."

LCvR65.1(c) (emphasis added).  In violation of the rule's express provisions, Plaintiff did not obtain (or even request) permission from the Court to file the supplemental declarations.

3. This Court routinely rejects unauthorized declarations filed after an initial preliminary injunction application, and it should do the same here.  *Nat'l ATM Council, Inc. v. Visa Inc.*, No. 11-1803 (RJL), 2017 WL 2257327, *5 (D.D.C. May 22, 2017) (Lamberth, J.) (striking a supplemental declaration filed with plaintiffs' reply because plaintiffs did not seek permission from the Court before doing so, and stating "[t]he Local Civil Rules state that applications for preliminary injunctions should be supported by all the affidavits on which the movant intends to rely"); *John Doe Co. v. Consumer Fin. Prot. Bureau*, 235 F. Supp. 3d 194, n.4 (D.D.C. 2017) (striking three expert affidavits filed in support of plaintiff's reply because plaintiff never sought permission to file); *Amer. Meat Inst. v. USDA*, 968 F. Supp. 2d 38, 56 (D.D.C. 2013), *aff'd after reh'g en banc*, 760 F.3d 18 (D.C. Cir. 2014) ("applications for a preliminary injunction 'shall be supported by *all* affidavits on which the plaintiff intends to rely'"); *Econ. Research Servs., Inc. v. Resolution Econ., LLC*, 140 F. Supp, 3d 47, 49 (D.D.C. 2012) (granting motion to strike supplemental affidavits because they were filed with plaintiff's reply brief without permission); *Sataki v. Broad. Bd. of Governors*, 733 F. Supp. 2d 22, 40 (D.D.C. 2010) (considering only supplemental exhibits submitted with leave of the court).

**The Unauthorized Supplemental Declarations Raise New Arguments and Make Erroneous Claims to Which Dominion Energy Should Be Given an Opportunity to Respond If the Declarations Are Not Stricken.**

4. The three unauthorized supplemental declarations present new arguments concerning matters that could and should have been addressed as part of Plaintiffs preliminary injunction application.  For example, the declaration of Robert G. Sullivan criticizes certain visual simulations on which the Corps relied in part in reaching its Finding of No Significant

Impact. The importance of these simulations to the Corps' decision-making was clearly stated in its Memorandum for the Record. *See* Ex. 1 to Dominion Energy's Opposition to Motion for Preliminary Injunction, ECF No. 23-2, at 91. Plaintiff cannot credibly argue that it could not have anticipated that the oppositions to its preliminary injunction motion would point to these simulations (which support the Corps' finding that the visual impacts are modest), particularly in view of the fact that its claims of irreparable injury are based solely on visual impacts. Thus, Plaintiff has no good reason for not submitting this declaration with its application as required by Local Rule 65.1(c). Moreover, Mr. Sullivan's statements are not part of the administrative record for the Corps permit, and therefore cannot properly be cited, as Plaintiff does, as a basis for challenging the permit. *See* Reply at 9 (citing Sullivan declaration in support of argument that Corps erred by not preparing an Environmental Impact Statement). Finally, Mr. Sullivan's declaration is flawed on its own terms. For example, he touts the importance of making field observations in addition to reviewing photographs and simulations (just as the Corp did in this case), while offering numerous conclusions about the Project's visual impacts evidently without having made any field observations himself. ECF No. 34-1 at ¶¶ 4, 12. The other two unauthorized supplemental declarations suffer from similar defects.[1]

    5.       By filing these declarations with its Reply, rather than its initial application, Plaintiff has effectively "precluded the defendants from responding to [the unauthorized declarations] in writing," thereby prejudicing Dominion Energy. *Nat'l ATM Council, Inc.*, *5. If

---

[1] For example, Earl Shockley asserts that there are numerous measures other than load shedding (and resulting rolling blackouts) that Dominion might implement to ensure grid reliability during periods of peak demand, ECF No. 34-2 at ¶ 7, but he fails to understand that these measures either already have been implemented (but are not sufficient to eliminate the risk of load shedding) or are simply not available options within the North Hampton Road Load Area. The declaration of Joy Maria Oakes mostly serves as an additional ten pages of legal briefing in violation of the 25-page limit for reply briefs, and should be stricken on that basis alone.

the Court decides not to strike the unauthorized declarations, Dominion Energy requests leave to file supplemental declarations to rebut the numerous flaws and errors in the unauthorized declarations such as those described above.

6. Counsel for Dominion Energy conferred with counsel for the other parties regarding this motion.  The federal defendants concur with the relief requested hereby.  Plaintiff opposes this motion and intends to file an opposition.

In summary, Dominion Energy respectfully requests that the Court enforce LCvR 65.1(c) and strike the unauthorized declarations filed with Plaintiff's Reply at ECF Nos. 34-1, 34-2, and 34-3, as well as those arguments in the Reply that rely on these declarations.  In the alternative, Dominion Energy requests permission to respond to the late-filed and unauthorized declarations with its own declarations, and it is prepared to do so by September 15, 2017.

Dated:  September 8, 2017

/s/ Eric J. Murdock
Counsel for Virginia Electric and Power Company
dba Dominion Energy Virginia

Harry M. Johnson, III (Bar No. IL0002)
HUNTON & WILLIAMS LLP
951 East Byrd Street
Richmond, VA  23219-4074
pjohnson@hunton.com
(804) 788-8784
(804) 343-4538 (fax)

Eric J. Murdock (Bar No. 443194)
HUNTON & WILLIAMS LLP
2200 Pennsylvania Avenue N.W.
Washington, DC 20037-1701
emurdock@hunton.com
(202) 955-1576
(202) 857-3885 (fax)