UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATIONAL PARKS CONSERVATION ASSOCIATION, ) ) ) Plaintiff, ) ) v. ) ) TODD T. SEMONITE, *Lieutenant General, U.S Army Corps of Engineers* and ROBERT M. SPEER, *Acting Secretary of the Army* ) ) ) ) ) ) ) Defendants, ) ) VIRGINIA ELECTRIC AND POWER COMPANY, ) ) ) ) Defendant-Intervenor. ) ) | Civil No. 17-CV-01361-RCL |

## ORDER

Before the Court is plaintiff National Parks Conservation Association's ("NPCA's") emergency motion for an injunction pending appeal. ECF No. 111. Upon consideration of the pleadings, the entire record of the case, and the relevant caselaw, the Court **DENIES** the plaintiff's motion.

Under Federal Rule of Civil Procedure 62(c), "[w]hile an appeal is pending from [a] ... final judgment that grants ... an injunction, the court may suspend [or] modify [the] ... injunction on ... terms that secure the opposing party's rights." A court's decision to stay its final judgment pending appeal is an extraordinary remedy that constitutes an "intrusion into the ordinary process of...judicial review." *Nken v. Holder*, 556 U.S. 418, 427 (2009).

In determining whether to grant a stay pending an appeal, the Court must consider the following four factors: "(1) the likelihood that the party seeking the stay will prevail on the merits of the appeal; (2) the likelihood that the moving party will be irreparably harmed absent a stay; (3) the prospect that others will be harmed if the court grants the stay; and (4) the public interest in granting the stay." *Cuomo v. Nuclear Regulatory Comm'n*, 772 F.2d 972, 974 (D.C. Cir. 1985).

The D.C. Circuit traditionally evaluated these four factors using a "sliding-scale" approach—meaning that a "strong showing on one factor could make up for a weaker showing on another." *Sherley v. Sebelius*, 644 F.3d 388, 392 (D.C. Cir. 2011). Although the Supreme Court in *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7 (2007), suggested that the four factors should be treated independently, the D.C. Circuit has yet to hold that the sliding-scale approach should no longer be used. *Sherley*, 644 F.3d at 392-93.

The plaintiff contends that in the context of a stay proceeding a court "is not required to find that ultimate success by the movant is a mathematical probability" and may "grant a stay even though its own approach may be contrary to movant's view of the merits," so long as the movant has made a "substantial case on the merits" and the "other three factors strongly favor interim relief." *Washington Metropolitan Area Transit Commission v. Holiday Tours, Inc.*, 559 F.2d 841, 843 (D.C. Cir. 1977). The Court need not conclude whether a sliding-scale test of this sort survives *Winter*, as the plaintiff fails to meet its burden even under this lower standard.

First, the plaintiff fails to establish a substantial case on the merits. In other words, the plaintiff has not raised "questions going to the merits so serious, substantial, difficult and doubtful, as to make them a fair ground for litigation and thus for more deliberative investigation." *Comm. on Judiciary of U.S. House of Representatives v. Miers*, 542 F.3d 909, 911-12 (D.C. Cir. 2008) (internal quotations omitted). In its present motion, the plaintiff focuses its merits argument on a

single issue—whether the permitting action was "highly controversial" within the meaning of the Council on Environmental Quality ("CEQ") regulations. The Court addressed this issue extensively in its prior Memorandum Opinion. See ECF No. 102 at 13-20. As the Court detailed previously, there is no question that NPS (among others) raised concerns regarding the level of impact that the Project would create and the methodologies employed by the Corps and Dominion in evaluating the Project. The plaintiff suggests that the mere existence of the "longstanding dispute" regarding the impact of the project indicates that the project is "highly controversial."

But as the Court previously found, the Corps considered the various challenges and addressed the concerns appropriately. As discussed in detail in the previous Memorandum Opinion, the Corps, in response to the various comments, revisited its analysis and provided supplemental information to the interested parties. This re-analysis was extensive as it related to the visual impacts of the project. Moreover, the Corps met with Department of Interior staff on numerous occasions and Secretary Zinkie effectively withdrew the department's opposition in his March 2017 letter. Based on those actions, the Court is convinced that there is no longer a "substantial dispute ... as to the size, nature, or effect of the major federal action." *Town of Cave Creek v. F.A.A.*, 325 F.3d 320, 331 (D.C. Cir. 2003). Without rehashing what the Court previously explained, it is clear that the Corps "considered conflicting expert testimony in preparing its FONSI" and gave a "convincing" explanation addressing those concerns. *Nat'l Parks & Conservation Assoc. v. Babbitt*, 241 F.3d 722, 736–37 n.14 (9th Cir. 2001). The Corps spent years analyzing the effects of this project, meticulously responded to comments, and addressed the methodological flaws identified by interested parties. This is not a case where the Corps had insufficient data or used erroneous methodology. In short, the permitting decision is not "highly controversial" and the plaintiff has failed to establish a substantial case on the merits. For that

reason alone, the plaintiff's motion fails. However, the Court will provide additional reasons why an injunction pending appeal is not warranted.

The plaintiff has also not met the standard for proving irreparable harm. The D.C. Circuit has established a "high standard for irreparable injury." *Chaplaincy of Full Gospel Churches v. England*, 454 F.3d 290, 297 (D.C. Cir. 2006). The injury "must be both certain and great; it must be actual and not theoretical." *Id.* (*citing Wisc. Gas Co. v. FERC*, 758 F.2d 669, 674 (D.C.Cir.1985) (per curiam)). Movants must demonstrate that the injury is "of such *imminence* that there is a clear and present need for equitable relief to prevent irreparable harm." *Id.* (internal quotations removed). Moreover, the injury "must be beyond remediation" and "[m]ere injuries, however substantial, in terms of money, time and energy necessarily expended in the absence of a stay are not enough." *Id.* (internal quotations removed).

Here, the plaintiff has not established that the proffered injuries are "beyond remediation." Both defendant-intervenor Dominion and federal defendants indicate that they could be compelled remove the towers if the permit was ultimately found to be unlawful. *See* ECF No. 114 at 14-15; ECF No. 115 at 8-9. At the preliminary injunction phase of this case, the Court noted that the defendants had not provided a basis by which a Court could order the dismantling of a project. See ECF No. 60 at 8 n.2. But the defendants have now provided the Court with numerous cases indicating that the Court would have the authority to order the towers removed. *See* ECF No. 114 at 14-15 (citing cases); ECF No. 115 at 8-9 (citing cases). The plaintiff does not contest that the Court would have the authority to order the removal of the towers. But the plaintiff protests that "in the real world, construction of the towers will render the project a fait accompli." ECF No. 116 at 6 (emphasis in original).

The Court disagrees. Should it ultimately be determined that the Army Corps of Engineers unlawfully issued the permit for the project, the Court can order the towers removed. *See Sierra Club v. U.S. Army Corps of Engineers*, 803 F.3d 31, 43 (D.C. Cir. 2015), *Columbia Basin Land Prot. Ass'n v. Schlesinger*, 643 F.2d 585, 592 n.1, 614 (9th Cir. 1981) ("[W]ere this Court to find the EIS inadequate ... the agency would have to correct the decision-making process, and ultimately could be required to remove the [transmission] line from this route."). And since the Court could order the removal of the project, the plaintiff has not established that the injury is "beyond remediation."

Finally, the Court is also not convinced that plaintiffs have established that the public interest "strongly" favors a stay in this case. *Washington Metropolitan Area Transit Commission*, 559 F.2d at 843 (D.C. Cir. 1977). Defendants have provided ample evidence demonstrating grid reliability concerns for the region. The defendants project that under the current schedule the towers will be completed by May 2019. Halting construction while the D.C. Circuit considers the appeal risks the project not being completed by the summer of 2019. Demand for electricity increases during the summer months. Therefore, delay in the project will risk further blackouts. The plaintiff counters that likelihood that the project is completed by the summer of 2019 is extremely low, even if this Court does not issue an injunction. However, there is no question that an injunction will further increase the likelihood of that occurring. Considering that risk, the Court finds that the plaintiff has not established that this factor "strongly" weighs in favor of an injunction.

In conclusion, the Court finds three independent bases for denying an injunction pending appeal: the plaintiff has not established a substantial case on the merits, a likelihood of irreparable

harm, nor that the public interest strongly favors an injunction. Accordingly, the Court **DENIES** the plaintiff's motion for an injunction pending appeal.

It is **SO ORDERED**.

Date: July 3, 2018

                                                Royce C. Lamberth
                                                United States District Judge