**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| NATIONAL PARKS CONSERVATION ASSOCIATION, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No.  1:17-cv-01361-RCL |
| TODD T. SEMONITE, *Lieutenant General, U.S. Army Corps of Engineers et al.* | ) ) ) | |
| Defendants, | ) ) | |
| VIRGINIA ELECTRIC & POWER COMPANY | ) ) | |
| Defendant-Intervenor. | ) ) | |
| | ) | |
| NATIONAL TRUST FOR HISTORIC PRESERVATION IN THE UNITED STATES and ASSOCIATION FOR THE PRESERVATION OF VIRGINIA ANTIQUITIES, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 1:17-cv-01574-RCL |
| TODD T. SEMONITE, *Lieutenant General, U.S Army Corps of Engineers et al.* | ) ) ) | |
| Defendants, | ) ) | |
| VIRGINIA ELECTRIC & POWER COMPANY | ) ) | |
| Defendant-Intervenor. | ) ) | |

## FEDERAL DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTIONS FOR LEAVE TO FILE SUR-REPLIES

On September 15, 2019, Plaintiffs National Parks Conservation Association ("NPCA") and the National Trust for Historic Preservation ("NTHP") moved for leave to file surreplies. Dkt. Nos. 114 ("NTHP Motion"); 136 ("NPCA Motion"). However, Plaintiffs have not met the standard required for the filing of a surreply because Federal Defendants did not raise arguments for the first time in their replies; rather, they responded to arguments raised by Plaintiffs in their oppositions. Because Plaintiffs have not responded to new arguments raised by Federal Defendants, and instead, devote the bulk of their proposed surreplies to the reiteration of and expansion of arguments made in their opposition, the court should deny NTHP's motion in its entirety and NPCA's motion with respect to Section III of its Proposed Surreply.

The Local Rules "contemplate that there ordinarily will be at most three memoranda associated with any given motion: (i) the movant's opening memorandum; (ii) the non-movant's opposition; and (iii) the movant's reply." *Banner Health v. Sebelius*, 905 F. Supp. 2d 174, 187 (D.D.C. 2012) (citing L. Civ. R. 7). In its June 24, 2019 Order, the court allowed Plaintiffs the opportunity to move for the filing of surreplies. *See* Dkt. Nos. 102, 124. However, Plaintiffs are nonetheless required to demonstrate that the filing of surreplies is appropriate and necessary.

Here, the parties have collectively filed two hundred pages of memoranda in total on the issue of remedy, and Plaintiffs seek to file an additional fifty-three pages of memoranda with their proposed surreplies. *See* Dkt. No. 114-1 ("NTHP's Proposed Surreply"); Dkt. No. 136-2 ("NPCA's Proposed Surreply"). Contrary to NTHP's position that the filing of a surreply will be helpful to the court (NTHP Motion 1), the court has more than an adequate explanation of the issues to determine an appropriate remedy. On this basis alone, Plaintiffs' motions for leave to file surreplies should be denied.

A surreply is to be authorized "only to address new matters raised in the reply," and "[t]he matter[s] must be truly new." *United States v. Baroid Corp.*, 346 F. Supp. 2d 138, 143 (D.D.C. 2004). Surreplies are not appropriate to address points made in a reply that "fall within the scope of the matters the opposing party raised" in its opposition brief. *Banner*, 905 F. Supp. 2d at 188 (internal brackets omitted). And, surreplies are not used to respond to arguments that "merely expand[ ] on previously-made arguments." *Baptist Mem'l Hosp. v. Sebelius*, 765 F. Supp. 2d 20, 31 (D.D.C. 2011). Nor is "[s]imple disagreement with how a party presents issues in [its] reply . . . enough to warrant a surreply." *Shea v. Clinton*, No. CV 02-577 (RCL), 2012 WL 13075787, at *2 (D.D.C. Dec. 7, 2012). *See also Ute Indian Tribe of the Uintah and Ouray Indian Reservation v. United States*, No. 1:18-cv-00546-RCL (D.D.C. August 28, 2019) ("Plaintiffs should not be permitted to present arguments that it could have presented in its opposition brief because defendants would be unduly prejudiced by plaintiff's second bite at the apple.").

NTHP's motion in its entirety and NPCA's motion with respect to Section III of its Proposed Surreply should be denied because Plaintiffs' proposed surreplies do not address "new matters." Rather, Plaintiffs seek to additionally brief issues that have already been extensively briefed, by relying on the incorrect claim that Federal Defendants asserted new arguments in their replies.

As to NTHP's motion, NTHP has failed to demonstrate that Federal Defendants made new arguments in their reply, and on this basis, the court should deny NTHP's motion. NTHP asserts that "the Corps has presented new arguments regarding the purposes of the National Environmental Policy Act," but notably, makes no specific reference as to where Federal Defendants allegedly made this "new argument." NTHP Motion, at 2. Without more, NTHP

cannot demonstrate that a surreply is warranted.  The only direct allegation NTHP makes to new alleged information presented in reply is a reference to Dominion's supplemental declarations regarding its argument under the second factor of *Allied-Signal*.  Supplemental declarations in response to oppositions, however, have been upheld to be an appropriate use of a reply.  *See Del Istmo Assur. Corp. v. Platon,* No. 11-61599-CIV, 2011 WL 5508641, at *4 n.4 (S.D. Fla. Nov. 9, 2011) ("Plaintiff is not entitled to a surreply merely because [Defendant] filed affidavits rebutting issues raised in Plaintiff's opposition.").[1]  Furthermore, NTHP's justification that it needs a surreply to respond to PJM Interconnection's proposed amicus reply is similarly without merit, because this too, is an inappropriate justification for a surreply.

At its core, NTHP's proposed sur-reply is a reiteration and expansion of its opposition. Notably, NTHP specifically argues in an identical fashion, the same arguments it advanced in its opposition, including that judicial estoppel precludes defendants from contesting these remedy proceedings (Section I) and that vacatur remains the appropriate remedy (Section II).  *Compare* NTHP Opp., Dkt. No. 110, at 7-10 ("Judicial Estoppel Precludes Defendants from Contesting These Remedy Proceedings"); 12-18 ("The Corps' Multiple Failures to Comply with NEPA and the NHPA are 'Serious Deficiencies'"); 18-29 ("The 'Disruptive Consequences' Alleged by Defendants are Speculative, Self-Inflicted, And Sufficient to Justify Remand Without Vacatur");

---

[1] Should the court accept NTHP's argument that Dominion advanced new arguments through the submission of supplemental declarations under the second factor of *Allied-Signal*, then, at a minimum, Federal Defendants argue that NTHP's motion for leave to file a surreply should be denied in its entirety except for Section II.B. of the Proposed Surreply (addressing *Allied-Signal* factor 2).  All remaining portions of NTHP's Proposed Surreply are reiterations or expansions of its opposition.  NTHP had a reasonable opportunity to respond to the arguments made in the opening motions, and the court is in a position to determine whether those arguments were addressed.  Plaintiffs should not be afforded a second bite at the apple.  *See U.S. ex rel. Pogue v. Diabetes Treatment Centers of Am., Inc.,* 238 F. Supp. 2d 270, 277 (D.D.C. 2002) (noting that a party takes "a litigation gamble by failing to address the merits of [an issue] in [its] response[]" and "[t]he Court will not grant leave to file a surreply to put them back in the game").

and 29-32 ("Vacatur Will Protect The Purpose And Integrity Of The EIS Process") *with* NTHP's Proposed Surreply at 2-4 (same), 5-9 (same), 9-18 (same), and 18-20 (same).  Indeed, NTHP states throughout its Proposed Surreply that it is advancing arguments made in its own opposition motion.  *See* NTHP Motion at 17 ("As we previously explained, Defendants' motions for remand without vacatur overstated the threat of disruption to electric reliability in two fundamental ways . . ."); 21 ("We previously identified three fundamental flaws in this argument.").  NTHP's motion should be denied because the Proposed Surreply fails to identify any new arguments made by Federal Defendants in their reply and simply reiterates and expands upon its previously filed opposition.  Should the court grant NTHP's motion for leave to file a surreply, NTHP will be effectively given a second opportunity to expand and reiterate the arguments it made in opposition to the opening motion.  "Simply put, a surreply is not a vehicle for rehashing arguments that have already been raised and briefed by the parties.  Were that not true, briefing would become an endless pursuit."  *Crummey v. Social Security Admin.*, 794 F. Supp. 2d 46, 62-63 (D.D.C. 2011), *aff'd* No. 11-5231, 2012 WL 556317 (D.C. Cir. Feb. 6, 2012). For these reasons, the court should deny NTHP's motion for leave to file a surreply.

NPCA's motion for leave to file a surreply in response to Federal Defendants' reply should also be rejected, specifically, with respect to Section III of its Proposed Surreply.   For its part, NPCA advances that in Section III.A. of its Proposed Surreply, that Federal Defendants made two new arguments in their reply:  (1) the "protection of the integrity of the EIS process" is not part of the *Allied-Signal* test" (NPCA Motion at 3) and (2) that the Corps is entitled to a "presumption of regularity."  *Id*.  However, Federal Defendants included these arguments in their reply as a response to arguments advanced by Plaintiffs in their opposition.  Responding to the non-movant's argument on reply is permissible, and does not warrant the filing of a surreply.

5

*See Baptist,* 765 F. Supp. 2d at 31; *see also, e.g., Crummey,* 794 F. Supp. 2d at 63 n.13 (holding a surreply was not warranted where the issue had been raised previously and the only new "factual information" was offered in response to a point raised by the nonmovant in opposition).

Federal Defendants' argument that "protection of the EIS process" is not part of the *Allied-Signal* test was advanced by Federal Defendants in their reply as a response to Plaintiffs argument that "protection of the EIS process" should be considered by the court as a justification for vacatur. Federal Defendants' Reply to NPCA's Opposition, Dkt. No. 134, at 9 (stating, that "Plaintiffs contend that vacatur is necessary to 'protect the integrity of the EIS process' . . . This argument is misplaced for two reasons."). Similarly, Federal Defendants also argued in their reply that the Corps is entitled to a "presumption of regularity," as a response to Plaintiffs' argument that vacatur is necessary to protect the integrity of the EIS process. *Id.* (stating that "Plaintiffs' argument is not only unfounded, but presupposes that the Corps will act outside the bounds of NEPA, despite the presumption of regularity afforded to agency actions."). Federal Defendants permissibly responded to arguments advanced by Plaintiffs in their oppositions, thus the court should deny NPCA's motion for leave to file a surreply in response to Federal Defendants' reply.[2]

Federal Defendants have responded to arguments Plaintiffs made in their opposition, a permissible use of a reply and Plaintiffs have not otherwise demonstrated that Federal Defendants made new arguments in their replies. *See Baptist,* 765 F. Supp. 2d at 31; *see also*

---

[2] With respect to the other portions of NPCA's Proposed Surreply, Federal Defendants also submit that Section III, Subsections B. and C. contain reiterations or expansions of NPCA's opposition. For the reasons explained herein, including that Federal Defendants have not made new arguments in their reply, which would thus warrant the filing of a surreply, and that NPCA impermissibly reiterates its previous positions, NPCA's motion should be denied with respect to Section III of its Proposed Surreply. *See Baptist,* 765 F. Supp. 2d at 31 (surreplies are not used to respond to arguments that "merely expand[ ] on previously-made arguments.").

*Banner,* 905 F. Supp. 2d at 188 (noting that "when arguments raised for the first time in reply fall 'within the scope of the matters the opposing party raised in opposition,' and the reply 'does not expand the scope of the issues presented, leave to file a surreply will rarely be appropriate'" (internal brackets omitted)).   NTHP's Proposed Surreply and Section III of NPCA's Proposed Surreply do not respond to new arguments made in reply to Plaintiffs' oppositions.  Instead, Plaintiffs' motions are a re-articulation and further expansion of Plaintiffs' oppositions, thus providing unnecessary additional briefing and giving Plaintiffs a second attempt to present their arguments, should the court grant Plaintiffs' motions.  For these reasons, the court should deny NTHP's motion in its entirety and NPCA's motion with respect to Section III of its Proposed Surreply.

Dated:  September 30, 2019                    JEAN WILLIAMS
                                              DEPUTY ASSISTANT ATTORNEY GENERAL
                                              United States Department of Justice
                                              Environment & Natural Resources Division

                                              */s/ Dedra S. Curteman*
                                              DEDRA S. CURTEMAN, IL Bar No. 6279766
                                              TRIAL ATTORNEY
                                              Natural Resources Section
                                              P.O. Box 7611
                                              Washington, D.C. 20044
                                              Tel.: 202.305.0446
                                              Fax: 202.305.0506
                                              Dedra.Curteman@usdoj.gov

                                              */s/ Heather E. Gange*
                                              HEATHER E. GANGE, D.C. Bar No. 452615
                                              Sr. TRIAL ATTORNEY
                                              Environmental Defense Section
                                              P.O. Box 7611
                                              Washington, DC 20044
                                              Tel.: 202.514.4206
                                              Fax: 202.514.8865
                                              Heather.Gange@usdoj.gov