UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| NATIONAL PARKS CONSERVATION ASSOCIATION, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 1:17-cv-01361-RCL |
| TODD T. SEMONITE, *Lieutenant General, U.S. Army Corps of Engineers* and RYAN D. MCCARTHY, *Acting Secretary of the Army*, | ) ) ) ) ) ) | (Related to No. 1:17-cv-1574-RCL) |
| Defendants, | ) ) | |
| VIRGINIA ELECTRIC & POWER COMPANY, | ) ) | |
| Defendant-Intervenor. | ) ) | |

**PLAINTIFF'S RESPONSE**

On October 18, 2019, the Court asked Plaintiff National Parks Conservation Association ("NPCA") to answer this question: "[i]f the Court should decide to vacate the permit, do[es] [NPCA] expect to initiate further proceedings (prior to completion of the Environmental Impact [Statement]) before an agency, administrative law judge, this Court, or any other judicial body requesting removal of the Surry-Skiffes Creek-Whealton project?" ECF No. 143.

As NPCA has explained throughout this remedy proceeding, it has no concrete plans at this time to seek removal of the project prior to completion of the EIS based on the information currently available to it. *See, e.g.*, ECF No. 136-2 at 17 n.6 (explaining that "at this time, NPCA is merely seeking the default, presumptive remedy of permit vacatur").

At the same time, NPCA is unable to predict what might transpire in the future with respect to this project, and thus NPCA respectfully submits that it is impossible to know now whether, and what, remedies might be appropriate based on new information or circumstances that arise in the

future. For example, at this time NPCA lacks information bearing on the possible need for additional remedies, including, but not limited to: (1) whether the Corps will take any enforcement action against Dominion for maintaining a structure in the James River without a lawful permit since the D.C. Circuit's ruling on March 1, 2019; (2) whether the Corps will adequately analyze feasible alternatives in its EIS process, or merely rubberstamp the Corps' prior legally deficient analysis; (3) whether the Corps will conduct an objective evaluation in its EIS process that includes a genuine "no action" alternative, rather than equating the existing illegally constructed project with the "no action" alternative; (4) whether the Corps will artificially inflate the cost of other alternatives in its EIS process by including the costs of project demolition in the cost estimates for every alternative except Dominion's preferred project; and (5) how long the Corps' EIS process actually will take in light of the fact that the Corps' proposed timeline appears overly optimistic and significantly faster than a usual EIS process.

    For these reasons, while NPCA has no concrete plans at this time to seek further relief based on the information currently available to it, NPCA cannot forfeit its right to seek appropriate relief in the event that new information or circumstances warrant further remedies consistent with the Federal Rules of Civil Procedure and controlling authority.

        Respectfully Submitted,

        */s/ William S. Eubanks II*
        William S. Eubanks II
        D.C. Bar Number 987036
        Eubanks & Associates, LLC
        2601 S. Lemay Avenue
        Unit 7-240
        Fort Collins, CO 80525
        (970) 703-6060
        bill@eubankslegal.com

        */s/ William N. Lawton*
        William N. Lawton
        D.C. Bar Number 1046604
        Eubanks & Associates, LLC
        1509 16th Street NW
        Suite 607
        Washington, DC 20036
        (202) 556-1243
        nick@eubankslegal.com

        Counsel for Plaintiff